Robert J. Hagerty
RJH1643
CAPEHART SCATCHARD, P.A.
A Professional Corporation
Laurel Corporate Center, Suite 300
8000 Midlantic Drive
Mount Laurel, N.J.  08054
(856) 234-6800
Attorneys for Defendants

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHEA DOHERTY, | : |
| | : HON. FREDA L. WOLFSON |
| Plaintiff, | : |
| | : |
| vs. | : CIVIL ACTION NO.:  05cv1265(FLW) |
| | : |
| OUR LADY STAR OF THE SEA PARISH d/b/a OUR LADY STAR OF THE SEA SCHOOL, CAPE MAY, CATHOLIC ARCHDIOCESE OF CAMDEN, CAMDEN DIOCESAN BOARD OF EDUCATION, MONSIGNOR TIMOTHY RYAN, BARBARA BYRNE, JOHN DOES 1-10, jointly, severally and/or in the alternative, | : **ANSWER TO AMENDED COMPLAINT AND JURY DEMAND** |
| Defendants. | : |

Defendants, The Church of Our Lady, Star of the Sea, Cape May, incorrectly denominated in the complaint as Our Lady Star of the Sea Parish ("Our Lady"), The Diocese of Camden, New Jersey, incorrectly denominated in the complaint as Catholic Archdiocese of Camden ("the Diocese"), School Board of the Diocese of Camden, incorrectly denominated in the complaint as Camden Diocesan Board of Education ("the Board"), Monsignor Timothy Ryan ("Msgr. Ryan"), and Barbara Byrne ("Byrne"), by way of answer to plaintiff's complaint, say:

**PRELIMINARY STATEMENT**

This is not an allegation, therefore, no response is made.

## IDENTIFICATION OF PARTIES

1. Admitted.

2. Admitted.

3. Denied as stated.  The Board is responsible for developing and defining policies.

4. Denied as stated.  The Board is governed by its own Constitution.  It is advisory to the Bishop.

5. Admitted, except the correct address is 520 Lafayette Street.

6. Denied as stated.  It is admitted that Msgr. Ryan was the pastor during the relevant time period.  The pastor is the administrative head of the parish, including the school, responsible for, among other things, collaborating with the principal regarding matters beyond ordinary school routine.

7. Denied as stated.  It is admitted that Ms. Byrne was the principal during the relevant time period.  The principal is the spiritual and instructional leader of the school.

## GENERAL ALLEGATIONS

8. According to plaintiff's application for employment, she worked as a substitute teacher and Great Books facilitator at Our Lady between 1990 and 1992.

9. Admitted that there was a contract with compensation terms, denied that there were any provisions for employer contributions toward a pension for plaintiff.

10. Admitted.

11. Admitted that plaintiff fell on a school staircase on June 3, 2002; these defendants have insufficient information or knowledge to form a belief as to the truth of the remaining allegations.

12. Admitted that the plaintiff went to the school nurse. Denied that defendants "failed" to report the incident or to instruct the plaintiff: the school nurse gave plaintiff some ice and plaintiff then left the nurse's area without further complaint for the students' "field day." Plaintiff made no further mention of the incident until November 2002, at which time she stated that her physical therapist had told her that it should be a Workers Compensation claim. When plaintiff so advised Ann DeMuth, a report was promptly filed with Our Lady's insurance carrier.

13. Admitted that Ann DeMuth promptly reported the claim to Our Lady's insurance carrier. These defendants have insufficient information or knowledge to form a belief as to the truth of the remaining allegations.

14. These defendants have insufficient information or knowledge to form a belief as to the truth of these allegations.

15. These defendants have insufficient information or knowledge to form a belief as to the truth of the allegation that plaintiff contacted Gallagher Bassett. Denied that the forms submitted by Ann DeMuth were incomplete. These defendants have insufficient information or knowledge to form a belief as to the truth of the remaining allegations.

16. These defendants have insufficient information or knowledge to form a belief as to the truth of these allegations.

17. Admitted that plaintiff stated that a student bumped into her and that she saw the school nurse. These defendants have insufficient information or knowledge to form a belief as to the truth of the remaining allegations in the first sentence. These defendants have insufficient information or knowledge to form a belief as to the truth of the allegations regarding plaintiff's realizations; denied that Barbara Byrne said to plaintiff that she saw no need to file a report with the carrier.

18. These defendants have insufficient information or knowledge to form a belief as to the truth of these allegations.

19. Admitted that assistance was provided to plaintiff by making a special request for a waiver from Amerihealth; these defendants have insufficient information or knowledge to form a belief as to the truth of the remaining allegations.

20. Denied.

21. These defendants have insufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence regarding Gallagher Bassett or the cancellation of the surgery. Admitted that lesson plans were provided and a substitute was arranged. Denied that plaintiff "continued working" when her surgery was delayed.

22. The first sentence is admitted.  Admitted that plaintiff met with the substitute teacher; these defendants have insufficient information or knowledge to form a belief as to the truth of the remaining allegations.

23. Denied that plaintiff told Barbara Byrne that she had retained an attorney.

24. Denied.

25. Admitted that Byrne placed telephone calls to plaintiff to see if she was coming in to work because plaintiff failed, neglected or refused to notify the school whether she would be coming in.  As principal, Byrne was obligated to make arrangements for teacher coverage of plaintiff's classes.

26. Denied.  Plaintiff used almost thirty-five sick days.

27. These defendants have insufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence as the word "significantly" is subjective in nature. Defendants admit that contracts were typically signed in early or mid-June, and that the prior

4

year's contract had been signed on May 24th. Admitted that plaintiff inquired about her contract prior to the June 5, 2003 surgery.

28. These defendants have insufficient information or knowledge to form a belief as to the truth of the allegation regarding the alleged statement concerning past procedure; these defendants admit that Monsignor Ryan was at a retreat. These defendants have insufficient information or knowledge to form a belief as to the truth of the allegations in the last sentence.

29. Admitted that there was no contact from Monsignor Ryan to plaintiff until the June 30, 2003 letter.

30. Admitted that a letter was sent which speaks for itself.

## FIRST COUNT

31. Defendants incorporate the preceding responses here by reference.

32. Admitted.

33. Denied..

34. Denied that plaintiff never had an opportunity to review the "Policy Book."

35. Denied.

36. Denied that defendants acted intentionally, willfully, wantonly or maliciously. Denied that notification of non-renewal of her contract could have been provided by April 15, 2003; the absenteeism upon which it is based occurred after this date. Denied that plaintiff was prejudiced in any way by not receiving a written warning; it is impossible to cure past absenteeism violations. Plaintiff knew or should have known of her rights to a hearing and appeal.

37. Denied.

38. Denied.

5

39. Denied.

40. Denied.

WHEREFORE, defendants demand judgment dismissing the complaint and awarding them costs of suit and such other relief as the court may deem proper.

## SECOND COUNT

41. Defendants incorporate the preceding responses here by reference.

42. Denied.

WHEREFORE, defendants demand judgment dismissing the complaint and awarding them costs of suit and such other relief as the court may deem proper.

## THIRD COUNT

43. Defendants incorporate the preceding responses here by reference.

44. Denied.

45. Denied.

46. Denied.

WHEREFORE, defendants demand judgment dismissing the complaint and awarding them costs of suit and such other relief as the court may deem proper.

## FOURTH COUNT

47. Defendants incorporate the preceding responses here by reference.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

WHEREFORE, defendants demand judgment dismissing the complaint and awarding them costs of suit and such other relief as the court may deem proper.

### FIFTH COUNT

52. Defendants incorporate the preceding responses here by reference.

54. (Sic)  Denied.

WHEREFORE, defendants demand judgment dismissing the complaint and awarding them costs of suit and such other relief as the court may deem proper.

### SIXTH COUNT

55. (Sic)  Defendants incorporate the preceding responses here by reference.

56. (Sic)  These allegations call for conclusions of law; therefore, no response is made.

57. (Sic)  Denied.

58. (Sic)  Denied.

WHEREFORE, defendants demand judgment dismissing the complaint and awarding them costs of suit and such other relief as the court may deem proper.

### SEVENTH COUNT

59. (Sic)  Defendants incorporate the preceding responses here by reference.

60. (Sic)  These allegations are not directed toward these defendants, therefore, no response is made.

61. (Sic)  These allegations are not directed toward these defendants, therefore, no response is made.

62. (Sic)  Denied.

WHEREFORE, defendants demand judgment dismissing the complaint and awarding them costs of suit and such other relief as the court may deem proper.

## **SEPARATE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants' conduct was never extreme or outrageous.

3. At all times relevant to this matter, plaintiff was dealt with fairly and in good faith.

4. Plaintiff has suffered no damages.

5. If plaintiff has suffered any damages, she has failed to mitigate them.

6. Plaintiff's damages, if any, are extinguished or mitigated by any alternative employment plaintiff may have accepted.

7. All decisions by defendants were based on reasonable factors.

8. Defendants did not act with malice on any of the occasions described in the Complaint, and therefore, there is no basis for an award of punitive damages.

9. Plaintiff's claims are subject to the limitations, standards and requirements of the New Jersey Punitive Damages Act.

10. Plaintiff's claims are without basis in law and/or fact.

11. Some or all of the injuries or damages allegedly sustained by plaintiff, if they occurred at all, were caused by, and the result of, actions of plaintiff.

12. Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provision of the New Jersey Workers' Compensation statute. Defendants are entitled to, and assert, all defenses available under that statute.

13. Defendants, Diocese, Diocesan School Board, Monsignor Timothy Ryan, and Barbara Byrne were not, for any purpose, plaintiff's employer.

14. Defendants, Diocese, Diocesan School Board, Monsignor Timothy Ryan, and Barbara Byrne were not, for any purpose, in any contractual relationship with plaintiff.

15. Defendants' actions do not constitute unlawful retaliation against plaintiff.

16. Plaintiff's claims are or may be barred by the after acquired evidence rule.

17. Plaintiff failed to exhaust her administrative remedies, which are now time-barred.

18. Plaintiff's claims are barred, in whole or in part, by the applicable Statute(s) of Limitations.

19. Issuing a written warning to plaintiff would have been futile, as she was discharged for violation of the absenteeism policy.

20. Plaintiff did not qualify for the pension.

## CERTIFICATION OF TIMELY SERVICE AND FILING

I hereby certify that this Answer was served within the time period allowed by law.

**CERTIFICATION OF MAILING**

I hereby certify that on the 18th day of March, 2004, I caused to be deposited in the United States Mail at Mt. Laurel, New Jersey, via regular mail, with postage thereon prepaid, a sealed envelope containing a copy of the foregoing Answer directed to Barry D. Cohen, Esquire, Petro, Cohen, Petro, Matarazzo, The Executive Plaza, 2111 New Road, Suite 202, Northfield, New Jersey 08225.

                                              CAPEHART SCATCHARD, P.A.
                                              Attorneys for Defendants

                                              s/   Robert J. Hagerty
                                              By:  Robert J. Hagerty

Dated:  3/18/05

G:\e&e\CamDio_Doherty\495829.doc